LuliFama.com LLC All right. Is it Mr. Anika? Yes, Your Honor. Okay, and you may begin whenever you're ready. Good morning, Your Honors. May it please the Court, my name is Bogdan Anika and I am counsel for the Plaintiff Appellate in this case. I reserve five minutes for rebuttal. This case is about deceiving advertising endorsements on social media. And this case was dismissed by the District Court without leave to amend on a complaint filed initially in state court in Florida. Mr. Pop purchased an expensive gift for his wife. Why? Because he believed the honest, what he thought to be honest advice and endorsement from social media influencers. At the end of the day, he ended up with a piece of swimwear for which he paid 100% more than if he would have used a well-established brand. And if he tried to sell and he couldn't get any offers, that would cover more than shipping. Let me ask you a question about the complaint. And you're talking about he ordered this swimwear thinking it was a certain value and what he received was a lesser value. Is that difference in value, what he expected versus what he got, based solely on the fact that he assumed the influencers were recommending this product and weren't being paid? Or is there some other explanation for the difference in value between what he thought he was going to get and what he got? Thank you for the question, Your Honor. That would be the main explanation. I think the correct measurement of the value is the value of the product as is versus the value of the product endorsed by the influencers without saying that they are endorsing the product. So if the situation was different, if the endorsers, the influencers had not been paid, he would say, I got the value I thought I got. Correct. And what we're saying, if they would have been paid, the value would probably be lower. The reason why they were paid, and that's what the complaint is alleging, is to increase the value of the product and to create desirability. And that would lead to further increase. So the product was sold at a price that was not actually the price it was worth because of all these endorsements. And the product, as we mentioned in the complaint, is sold mostly online. So both Lulifama, well, mainly Lulifama is relying on Instagram influencers in order to push sales and push the sales at a price point where they are pricing the product via online and social media. And now let me ask you a question about your argument on appeal and what you're saying the district court got wrong. I want to make sure I understand. Are you saying that Rule 9B can never apply to a FDUCP claim or that it just simply doesn't apply to your FDUCP claim? Well, there is a split of authority, and that's one of the reasons that we brought this appeal.  But which one are you saying it can never, under any circumstances, have an overlay of 9B or just not to you, maybe sometimes, but not to you? Well, we believe that the majority of judges would say never, under any circumstances, that it can both the Florida court judges and the district judges in the northern, southern, and middle districts of Florida. So 9B should not apply to FDUCP, and there are reasons for that. So you're saying it should never apply to a FDUCP claim? That is correct. That's our main argument. How do you then square with our opinion in Omnipol where we say that the plaintiff's civil theft and unjust enrichment claims had to comply with Rule 9B because they sounded in fraud? Is there something special about a FDUCP claim? Yes, that's statutory, and the legislator created the causes of action specifically for a FDUCP claim to be followed. There are judges and opinions saying FDUCP actually was enacted in order to allow an easy access for the consumer to the courts. But even so, I mean, you would agree that even though you don't necessarily have to show fraud to make out a successful FDUCP claim, it does cover fraud as well, right? Like, in other words, you don't have to show it, but you might show it, and you might allege if there's a fraudulent practice you could seek under FDUCP, you could use that as a cause of action, right? Correct. Okay, so then, particularly given the wording of Rule 9B, which talks about what the plaintiff alleges as opposed to the claim, right? Why wouldn't we just follow a rule or adopt a rule that whenever fraud is alleged, 9B requires that it be pled with particularity, whether it's alleged in the context of a FDUCP claim or some other claim? And if, because FDUCP also covers claims that don't include fraud, when it doesn't, then 9B wouldn't apply. Why wouldn't we just do that? Well, I think that's up to this Court. That's not the law as of yet. However, there are various levels on your question, because when you apply the Rule 9B to a FDUCP claim, this Court, in this case, for example, it applied it to every single element. It applied it to causation and damages. There are other courts which are saying, well, we can apply Rule 9B, but you just apply it to the allegations. Like your Honor said, we don't have to apply it to the claims, but only to the allegations. And, again, if there is a fraud claim, nothing stops a plaintiff to bring a fraud claim where the plaintiff can plead all the elements of the Rule, everything required by the Rule 9B. But, again, going back to FDUCP, we believe, and a number of courts believe, that the reason why FDUCP was enacted is to allow plaintiffs access to the Court without going through all the elements of the Rule 9B. I'm sorry, I'm just, we have to adopt a rule here, and so we want to adopt the one that's right. Correct. You're telling us the rule we should adopt is every time FDUCP is alleged, you don't have to follow Rule 9B. That's what you're telling us. And I'm not understanding why that would be the case with respect to if there's like a fraud claim under FDUCP. Like it's a FDUCP claim, but it's alleging fraud, given that Rule 9B says, in alleging fraud, a party must state with particularity the circumstances constituting fraud. Why wouldn't, I mean, it seems like that would violate that rule for us not to require particularity in pleading when a specific FDUCP claim alleges fraud. That's not to say that it should necessarily be in every case, because we have Florida State Court rulings that you don't have to, that FDUCP is broader than just fraud. Correct. But if we look at Rule 9B again, it applies to the claims, not to the cause of action. FDUCP is its own cause of action. So even if the elements are there, even if the conduct is fraudulent, it's not brought under FDUCP for being fraudulent. It's being brought under FDUCP for a violation of the statute. The plaintiff can file a fraudulent, add the cause of action as to the fraud. Again, Rule 9B looks only at the elements of the misrepresentation, for example, in a FDUCP claim, or the elements of deceit. So it doesn't look to the next step anyway. I'm sorry to interrupt again, but I'm looking at the language, the text of Rule 9B and Rule 9, and it's talking about allegations. I'm not seeing where it's talking about claims. Right. So it seems like, just based on the text, that we don't look to the claim itself to determine whether or not it needs to be pledged with specificity. We look to the allegations within the claim. And so if the allegations are alleging fraud, then under 9B's language, it seems like we would have to require pleading with particularity. But if the allegations are not alleging fraud, then we would not. And since we've established that FDUCP can include fraud or not fraud, right, why wouldn't we just determine it on a case-by-case basis based on the specific allegations before us? Well, going back to the FDUCP being a statutory cause of action, including fraud, it doesn't include the actual conduct of fraud. But it includes the conduct that's parallel or similar with the conduct of fraud. Fraud should be specifically alleged with particularity. But if we have a conduct that's similar to fraud, when the defendants are doing something like fraud or sounds in fraud, but it's not fraud, and when the plaintiffs are deciding to bring a claim under FDUCP rather than fraud, maybe because they cannot satisfy the elements of the fraud or maybe they cannot plead with specificity, that's why we believe that FDUCP was enacted to cover exactly that part when you have a claim and it's not actually fraud. It may be fraud, but you don't know and you don't plead it as fraud. You plead it as deceptive. You plead it as a claim under FDUCP rather than going full-fledged and say, okay, we also have a claim of fraud. So an incomplete claim of fraud can be a FDUCP claim, even if it sounds in fraud. But if this court adopts a rule saying you still have to follow the elements of the fraud, it just leaves that space where you might have a plaintiff who wants to bring a claim that may sound in fraud, may not be fraud, or may be close to fraud, and still they cannot bring another FDUCP, which will undermine what the legislator wanted when they enacted FDUCP. All right. Thank you very much. Thank you. And, Mr. Anika, you have reserved five minutes for rebuttal. We'll hear next from, is it Ms. Pander? Good morning, Your Honors. May it please the Court. Bethany Pander of Greenberg-Trarig on behalf of the Lulee-Fama-Applees. The district court correctly dismissed Mr. Popp's complaint with prejudice for failure to state a claim under Florida's Deceptive and Unfair Trade Practices Act. And Mr. Popp, having failed to challenge the district court's dismissal as to his additional claims, the only question before this court is the sufficiency of that claim and dismissal with prejudice. Turning first to the sufficiency of Mr. Popp's FDUCP claim, which the court focused on during the appellant's argument, as the court has recognized, there is an intradistrict split in the Eleventh Circuit concerning whether Rule 9b applies to fraud-based FDUCP claims. And Judge Rosenbaum, as you noted with the appellant, this case presents an opportunity for this court to articulate a rule that clearly indicates whether a plaintiff is required to meet that heightened pleading requirement of Rule 9b. And Rule 9b does look to the allegations of the plaintiff's complaint to determine whether it alleges fraud, and if so, triggers the heightened pleading requirements, which requires a plaintiff to allege the who, what, when, where, and why of fraud. Okay, so then that brings me to my question. Is what's alleged here really, does it really stand in fraud? And I ask you that, like, I mean, obviously, Tackle-Off is a, do you know Tackle-Off? It's okay if not, it wasn't. I don't, Your Honor. Tackle-Off is a criminal case. And so it's not directly on point. It involves wire fraud. But basically what happened in that case was there was an alleged racket where the people who were in charge of the alleged scheme were employing women to sell drinks to visiting businessmen. And then when they would get their credit card, you know, receipts, they would find out they were charged $800 or whatever for the drink. And so it was charged as a criminal case, which is obviously a little bit different because it's a different standard, but still. And these individuals were convicted. And on appeal, we said, nope, that's not wire fraud. And the reason it's not fraud is because they got what they thought they were going to get. They got, they ordered drinks, they got drinks. That's what they thought they were going to get. And so there's a difference between fraud and what you can allege under FDEPA, which covers far more than that. And so my question for you is, if we use that sort of as a guide as to help us understand what fraud is and is not, why wouldn't the conduct alleged here not be fraud? Since he knew he was getting a bathing suit, and that's what he got. And we agree, Your Honor, and we think that that's why, even if the court doesn't apply the heightened pleading standard of Rule 9b, that there's no FDEPA claim here regardless because there's no deceptive or unfair trade practice where POP paid for a swimsuit. Okay, so there's a difference. I think there's a difference, and I think Florida courts have said there's a difference between straight-up fraud and what FDEPA covers. And it does cover deceptive behavior, right? It may include fraudulent conduct, but it doesn't necessarily include fraudulent conduct. Would you agree with that? I agree, Your Honor. Okay. So the deceptive behavior here that's alleged is that Lulifama was using these influencers and paying them to wear these bathing suits while not disclosing that they were being paid to wear them. And so it looked like these influencers, who are at the top of their trends and their knowledge of all of that, were just choosing of their own volition to wear these bathing suits because these were the cooler in-bathing suits. And my language, you know, maybe is not exactly what the kids are saying these days, but you get my drift. Yes, Your Honor. Anyway, the point is, why doesn't that fit under the deceptive, arguably? And it could be, look, I mean, maybe it just goes to the jury and the jury says, that's not reasonable. That's, of course, people should know that if it's appearing in an influencer's post that, of course, they're being paid for it. But there are allegations that most of the time it will say that they're being paid for it. And so maybe it was reasonable. Why isn't that a jury question? It's not a jury question, Your Honor, because that's not what was alleged in the complaint. That's the argument that the appellant has crafted in appellate briefing. But when we actually look to the allegations of the complaint, which is what the district court correctly did here, we can look at paragraphs 67 and 68 of the amended, or excuse me, the complaint, which asserted that there were violations or that there was statutory violations and fraud, which were the basis for the FIDEPA claim. So the district court committed no error in crediting the allegation by Mr. Pop that the defendants committed fraud as true. That's what the district court was required to do. And when Mr. Pop chose to make that allegation, he triggered the heightened pleading requirements of Rule 9b. We looked at this court's decision in D.J. Lincoln Enterprises v. Google in 2022, where this court recognized that fraud-based claims in FIDEPA trigger the heightened pleading requirements. And this court presents an opportunity for, because that was an unpublished decision, this case rather presents the opportunity for this court to articulate that Rule 9b does apply in a situation like this, where a plaintiff alleges a fraud-based claim, whether it's under the FIDEPA remedial statute or just a straight-up fraud claim. When we look to the sufficiency of Pop's allegations, Pop failed to allege the precise statements, documents, or misrepresentations that were made by any of the defendants, the time, place, or person responsible for the statements, the content and manner in which the statement misled him, or what the defendants gained by the fraud, which under the Google decision is the obligation. I'm sorry, can I just interrupt you for a second? Is it a fair reading of the complaint to see the fraud and statutory violations, which are separated by the word and, and which may suggest that they're two different things, are alternative causes of action? Yes, Your Honor. Okay. So if they are, then what is, I mean, with respect to the FIDEPA claims, maybe you're right about anything that's fraud-based, but with respect to anything that could sound in FIDEPA and not be fraud, why wouldn't that be sufficient? It would be insufficient, Your Honor, because when we look to, even if first to the statutory claims, the statute that, or the subsection that Mr. Pop attempted to use as a predicate for the FIDEPA claim was section 255.5, 16 CFR section 255.5, which never can serve as a predicate for a fraud claim, because first, there is no private right of action under that statute. When we look to alleging a per se violation under FIDEPA. I agree there's not a per se violation here, but he also seems to allege that the other way that you could make out a FIDEPA claim occurs here, right? I mean, he actually has a specific paragraph that says that. Let me see if I can find it, or you can just address that if you think I'm missing something here while I'm looking for it. Your Honor, I'm not sure exactly which paragraph you're referencing in the complaint, but I am happy to respond to it. When we look at Pop's allegations in this complaint, this was an omission-based theory of relief. And Florida law does not impose an obligation for disclosure in the absence of a special relationship. And that's why the district court was correct in recognizing that even if the heightened pleading requirement didn't apply, that there was no claim for FIDEPA. So in the absence of a contractual or some other type of special relationship, a confidential relationship, or a fiduciary relationship, the defendants were under no obligation to give any additional disclosure. All right, so paragraph 70 is where he expressly alleges that Lillie Fama's practices are, quote, likely to mislead any reasonable consumer acting reasonably in the circumstances to the class member's detriment. Why isn't that an allegation of a traditional FIDEPA violation? It's not an allegation of a traditional FIDEPA violation because Mr. Pop failed to actually allege any facts that would support a deceptive or unfair trade practice that simply tracks the elements, which is insufficient to state a claim. And the district court correctly recognized that that specificity was missing from the initial complaints. And this isn't a matter of formal version. So your concern is that that would be a fraud claim. But if you agree that it's not a – if we determine that it's not a fraud claim in that respect, and maybe you want to – well, I guess – all right. If we determine it's not a fraud claim in that respect, or at least those allegations aren't fraud allegations, then it seems like that is a sufficient allegation, right? I mean, considering the allegations of the complaint as a whole, why wouldn't that be sufficient to allege a FIDEPA violation, a non-per se FIDEPA violation? I totally agree that it also alleges there was a per se FIDEPA violation. I think there are problems with that for the reasons you've described. But my question goes to the alternative. Because, Your Honor, this was an omission-based claim, so there was no representations that were alleged in order to trigger that traditional FIDEPA analysis that Your Honor is referencing. So here, all that Pop alleged was that he viewed certain unidentified posts by influencers, and that by viewing them wearing certain swimwear, that that somehow – that somehow caused him damages, even though he admits in the complaint to having apparently received the swimwear, and does not allege not only an unfair deceptive or trade practice, a failure to establish causation, but also damages. But let me ask you something. Why – well, it seems like the damages would be he paid 100 percent more for the bathing suit than he otherwise would have paid, and he can't get rid of it. But why wouldn't it be enough to show a – to show a deceptive practice, right? That – or at least to bring it to the jury, and maybe the jury doesn't agree, that, you know, the standard in the industry, as people understand it, is that if you're going to be paid to wear an item, you disclose that, whether it's by hashtag ad or expressly saying it or whatever else. And here, they didn't disclose it, and so it was deceptive of them not to disclose it, given what is, I guess, otherwise the industry standard as alleged. Why isn't that a deceptive practice under FDUPA? It's not a deceptive practice because those facts aren't in the complaint. So when we – perhaps another plaintiff would be able to state a claim if certain facts existed that would support a deceptive practice in a different context, but here, Pop failed to provide any of the requisite specificity that would allow the district court to even send that claim to a jury. He failed to identify the posts. He failed to identify the representations of any kind by any defendant. He failed to link his subjective disappointment, which was essentially the injury that he alleged, with the conduct by the defendants, which was, you know, whether Louis Fama pays him. And it kind of does seem like he did allege it. I mean, now this is where it kind of gets a little complicated, right, because even though there's not a per se violation because we're just talking about guidance, right, there is this guidance, and he attaches the guidance, and it does talk about hashtag ad, and that's what you're supposed to do, and to establish that it was a reasonable belief on his part that when he saw the Instagram post that the influencer was wearing the bathing suit of her own volition. Why can't that be used, even though it's not a per se violation, to help establish a reasonableness of his belief that turned out to be wrong? It can't be used, Your Honor, because when we look at how a plaintiff alleges a deceptive and unfair trade practice, the statute itself provides that the only regulation or rule that could be considered for a statutory violation must be one that is passed pursuant to the FTC. Right. I agree as far as per se. That's for a per se violation. Yes. We both agree that he doesn't get there. But when you're talking about the other way to establish a FDEPA violation, you know, the reasonableness of the belief of the representations, right, why couldn't we consider the guidance to, you know, evaluate whether it was a reasonable enough belief for purposes of getting us past a motion to dismiss? Perhaps the court could if the plaintiff in this case had alleged further detail about the actual misrepresentations or omissions that were made by any of the defendants in this case. But Mr. Popp, essentially, his whole theory of the case was that he was entitled to bring a claim under FDEPA to seek millions of dollars of damages against a company simply because an influencer posted a picture wearing a swimsuit without any identification of when that post was made, what the substance of the post was, the timing of the post, when it was viewed, when the product was purchased, and how he suffered actual damages, which are all requirements in order to bring a claim under FDEPA. And this leads us into just to briefly touch on the futility issue. This is where the district court got it exactly right, that Popp had the opportunity to, the district court, in fact, invited Popp to file an amended complaint, which would provide sufficient allegations to, as Judge Rosenbaum, you've mentioned, perhaps get this case past the motion to dismiss stage. But Popp made a tactical decision not to file that amended complaint, and that cannot enter to his benefit on appeal. So we would ask that the court affirm the district court's order in full. All right. Thank you very much. And we'll hear next from Mr. Backman. Your Honor, I was just here for questions. I deferred all my time. All right. Very good. Thank you. All right. And then we will – yes, I see that now. Okay. We'll hear again from Mr. Enica. Yes, Your Honor. And FDEPA itself says that great weight and consideration should be given to interpretation of the FTC Act by the FTC. And the complaint attaches exactly that, an interpretation by the FTC of the FTC Act. Even the order dismissing the case states the document attached to the complaint, it's not law, but it is an interpretation by the FTC of the Act. And, again, it's in the body of the FDEPA. The district court should look at it. I agree with Your Honor. The complaint pleads both a deceptive act under FDEPA and a per se violation. And in this appeal, we did not pursue the per se violation route, but rather we looked at the Act. Well, you did actually pursue the per se violation route because you actually alleged there was a per se violation, right? I mean, that's pursuing it. Right. Okay. But you also pursued the other one, it seems like. Yes. And, again, we believe the other one has more value. We look again at the decision in Sava, for example. Mr. Popp was a plaintiff as well. And in that case, the complaint passed the motion to dismiss. It's in a different jurisdiction. But it is informative to the extent to which Mr. Popp could have amended the complaint or pled enough information in order to pass the motion to dismiss. Now, I want to address something, two things that appeared both in the briefing and on the order on the motion to dismiss. First is about So there's nothing new you can address in your rebuttal unless it was addressed by Ms. Pander because it wouldn't be fair to her since she won't have a chance to respond. There's nothing you can address that you haven't brought up the first time unless it's responsive to Ms. Pander. Well, Ms. Pander mentioned that an unidentified product was purchased on an unidentified date or something along those lines just a few minutes ago. And I want to address that. Okay. Why? Because what the complaint provides is the plaintiff's name and an order number. And in this day and age, the purpose of the complaint is to give defendant notice. In this day and age, defendant could have found and, in fact, they did find the order quite easily. And by looking at the order number and by looking only at the name of the plaintiff, they could identify and they identified the date of the purchase, the amount paid, the purchased product, the product that was purchased, and even the influencer that actually was visited or even, if not the influencer, the fact that this purchase generated on Instagram. All this information could have been obtained by the defendant just based on us pleading that Mr. Pop was the person who purchased and providing the order number. And, again, going to the failure, we believe that a lot of the failures mentioned both in the appellee's brief and in the order are actually provided for in the complaint. For example, why he was unable to return or resell the product. The complaint is clear why he was unable. Lolliphalma would not accept a return. He was trying to resell the product and he could barely get offers that would allow him to ship the product. And that would allow further for him to determine what the value of the product was without the actual influencer advertising. One more thing that I want to address is the millions of dollars that Mr. Pop is requesting in his complaint. He's not requesting millions of dollars. He's requesting exactly the value, the loss, for his personal purchase. This was filed as a class action. Again, it was filed in state court, so maybe Rule 23 was not invoked there. But at the end of the day, it was still filed as a class action, so the millions of dollars are the cumulative amount that every plaintiff lost by purchasing a product that proved to be of a lower value than what they paid for. All right. Thank you very much. Thank you. And we'll be in recess until tomorrow.